# UNITED STATES DISTRICT COURT
for the
### Western District of Kentucky
### Louisville Division

| | |
|---|---|
| James Beverly )<br>    *Plaintiff* )<br>)<br>v. )<br>)<br>Asset Acceptance, LLC )<br>    *Defendant* )<br>Serve: )<br>    CSC-Lawyer's Incorporating )<br>        Service Company )<br>    421 W. Main Street )<br>    Frankfort, KY 40601 )<br>)<br>Cavalry Portfolio Services, LLC )<br>    *Defendant* )<br>Serve: )<br>    CT Corporation System )<br>    306 W. Main Street )<br>    Suite 512 )<br>    Frankfort, KY 40601 )<br>)<br>Portfolio Recovery Associates, LLC )<br>    *Defendant* )<br>Serve: )<br>    Corporation Service Company )<br>    2711 Centerville Road )<br>    Suite 400 )<br>    Wilmington, DE 19808 )<br>) | Case No. **3:14-CV-426-H** |

## **COMPLAINT**

### INTRODUCTION

1.      This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692o ("FDCPA").

2.      Like many of his fellow citizens, Plaintiff James Beverly fell on hard economic times as a result of the financial meltdown and crisis that began 2007-08 and which continues to this day. Consequently, Mr. Beverly fell behind on some of his financial obligations and defaulted on some of these. Defendants Asset Acceptance, LLC ("AAL"), Cavalry Portfolio Services, LLC ("CPS"), and Portfolio Recovery Associates, LLC ("PRA") purchased these charged-off debts for

pennies on the dollar, somewhere between 4% and 5% of the face value of the debt. Unsatisfied with 95% return on its investment, AAL, CPS, and PRA all added prejudgment interest to Mr. Beverley's debts that none of these debt collectors had a legal right to charge, accrue, or collect. These and other acts violate the FDCPA.

## JURISDICTION

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

## PARTIES

4. Plaintiff James Beverly is a natural person who resides in Bullitt County, Ky. James Beverly is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

5. Defendant Asset Acceptance, LLC ("AAL") is a foreign limited liability company, which is registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debt from creditors and collecting these debts from citizens of this commonwealth. AAL's principal place of business is 28405 Van Dyke Ave, Warren, MI 48093.

6. AAL regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6).

7. Defendant Cavalry Portfolio Services, LLC ("CPS"), is a foreign limited partnership, which has registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debt from creditors and collecting these debts in this state and/or collecting debts on behalf of other debt collectors such as Cavalry SPV I, LLC. CPS's principal place of business is located in Valhalla, NY 10595.

8. CPS is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

9. Defendant Portfolio Recovery Associates, LLC ("PRA") is a limited liability company, the principal purpose of whose business is the collection of debts, operating a debt collection agency with its principal place of business located at 120 Corporate Blvd., Norfolk, VA 23502.

10. PRA regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

**I.    Facts Relating to Asset Acceptance, LLC**

11.    On May 8, 2014, Mr. Beverly requested, obtained, and reviewed a copy of his consumer credit report from Kroll Factual Data.

12.    The Kroll Factual Data credit report was a residential tri-merged consumer credit report that contains information supplied and furnished by Experian, Equifax, and Trans Union.

13.    Mr. Beverly's tri-merged consumer credit report includes negative credit information furnished by Asset Acceptance, LLC in connection with a charged-off credit card debt originated by Chase Bank USA, N.A./Washington Mutual Bank, N.A. ("WaMu").

14.    Mr. Beverly recalls having a Chase/WaMu credit card that he used solely for personal, family, or household purposes, which makes the Chase/WaMu debt a "debt" within the meaning of the FDCPA.

15.    AAL furnished negative credit information concerning Mr. Beverly's WaMu debt for purposes of collecting a debt from him. *Sullivan v. Equifax, Inc.*, CIV.A. 01-4336, 2002 WL 799856 (E.D. Pa. Apr. 19, 2002) ("[R]eporting a debt to a credit reporting agency is 'a powerful tool designed, in part, to wrench compliance with payment terms.'").

16.    AAL's furnished information notes that AAL purchased the debt in April 2012 and that $2,696.00 was the amount due on the debt when it initially began furnishing information concerning Mr. Beverly and the debt.

17.    AAL's furnished information states that $2,973.00 was the current amount due on the debt as of April 2014.

18.    Upon information and belief, AAL paid no more than 5% of the face amount of Mr. Beverly's Chase/WaMu debt or no more than $135.00 to purchase the debt.

19.    Upon information and belief, AAL accrued prejudgment interest at the legal rate on Mr. Beverly's Chase/WaMu debt from the date of purchase.

20.    Under Kentucky law, the right to recover prejudgment interest on a debt at the legal rate begins to run from the date of demand for payment.

21.    Upon information and belief, AAL began accruing, assessing, and attempting to collect prejudgment interest on Mr. Beverly's debt prior to AAL making any demand for payment from him.

22.    Under Kentucky law, prejudgment interest is a compensatory damage for the loss of the use of money that is recoverable pursuant to a duly entered judgment.

23. As of the date of filing this complaint, AAL does not have a judgment entered in its favor against Mr. Beverly.

24. AAL falsely represented the character, status, and the amount due and owing on the Chase/WaMu debt by furnishing information which included the assessment and accrual of prejudgment interest on the debt that AAL had no legal right to assess, accrue, or collect from Mr. Beverly because there was no judgment in place awarding AAL prejudgment interest as damages at the time that AAL furnished the false information.

## II.     Facts Relating to Cavalry Portfolio Services, LLC

25. Mr. Beverly's tri-merged consumer credit report includes negative credit information furnished by Cavalry Portfolio Services, LLC in connection with a charged-off credit card debt originated by HSBC Bank Nevada, N.A. ("HSBC").

26. Mr. Beverly recalls having a HSBC credit card that he used solely for personal, family, or household purposes, which makes the HSBC debt a "debt" within the meaning of the FDCPA.

27. CPS furnished negative credit information concerning Mr. Beverly's HSBC debt for purposes of collecting a debt from him. *Sullivan v. Equifax, Inc.*, CIV.A. 01-4336, 2002 WL 799856 (E.D. Pa. Apr. 19, 2002) ("[R]eporting a debt to a credit reporting agency is 'a powerful tool designed, in part, to wrench compliance with payment terms.'").

28. CPS's furnished information notes that CPS purchased the debt in March 2012 and that $471.00 was the amount due on the debt when it initially began furnishing information concerning Mr. Beverly and the debt.

29. CPS's furnished information states that $506.00 was the current amount due on the debt as of April 2014.

30. Upon information and belief, CPS paid no more than 5% of the face amount of Mr. Beverly's HSBC debt or no more than $24.00 to purchase the debt.

31. Upon information and belief, CPS accrued prejudgment interest at the legal rate on Mr. Beverly's HSBC debt from the date of purchase.

32. Under Kentucky law, the right to recover prejudgment interest on a debt at the legal rate begins to run from the date of demand for payment.

33. Upon information and belief, CPS began accruing, assessing, and attempting to collect prejudgment interest on Mr. Beverly's debt prior to CPS making any demand for payment from him.

34. Under Kentucky law, prejudgment interest is a compensatory damage for the loss of the use of money that is recoverable pursuant to a duly entered judgment.

35. As of the date of filing this complaint, CPS does not have a judgment entered in its favor against Mr. Beverly.

36. CPS falsely represented the character, status, and the amount due and owing on the HSBC debt by furnishing information which included the assessment and accrual of prejudgment interest on the debt that CPS had no legal right to assess, accrue, or collect from Mr. Beverly because there was no judgment in place awarding CPS prejudgment interest as damages at the time that CPS furnished the false information.

### III. Facts Relating to Portfolio Recovery Associates, LLC

37. Mr. Beverly's tri-merged consumer credit report includes negative credit information furnished by Portfolio Recovery Associates, LLC in connection with a charged-off credit card debt originated by HSBC Bank Nevada, N.A. ("HSBC").

38. Mr. Beverly recalls having a HSBC credit card that he used solely for personal, family, or household purposes, which makes the HSBC debt a "debt" within the meaning of the FDCPA.

39. PRA furnished negative credit information concerning Mr. Beverly's HSBC debt for purposes of collecting a debt from him. *Sullivan v. Equifax, Inc*., CIV.A. 01-4336, 2002 WL 799856 (E.D. Pa. Apr. 19, 2002) ("[R]eporting a debt to a credit reporting agency is 'a powerful tool designed, in part, to wrench compliance with payment terms.'").

40. PRA's furnished information notes that PRA purchased the debt in March 2012.

41. Upon information and belief, the face value of Mr. Beverly's HSBC's debt was no more than $1,300.00 when PRA purchased the debt in March 2012.

42. Upon information and belief, PRA paid no more than 5% of the face amount of Mr. Beverly's HSBC debt or no more than $65.00 to purchase the debt.

43. Upon information and belief, PRA accrued prejudgment interest at the legal rate on Mr. Beverly's HSBC debt from the date of purchase.

44. Under Kentucky law, the right to recover prejudgment interest on a debt at the legal rate begins to run from the date of demand for payment.

45. Upon information and belief, PRA began accruing, assessing, and attempting to collect prejudgment interest on Mr. Beverly's debt prior to PRA making any demand for payment from him.

46. Under Kentucky law, prejudgment interest is a compensatory damage for the loss of the use of money that is recoverable pursuant to a duly entered judgment.

47. As of the date of filing this complaint, PRA does not have a judgment entered in its favor against Mr. Beverly.

48. PRA falsely represented the character, status, and the amount due and owing on the HSBC debt by furnishing information which included the assessment and accrual of prejudgment interest on the debt that PRA had no legal right to assess, accrue, or collect from Mr. Beverly because there was no judgment in place awarding PRA prejudgment interest as damages at the time that PRA furnished the false information.

### Claims for Relief: Violations of the Fair Debt Collection Practices Act

**I.   Claims against Asset Acceptance, LLC**

49. The foregoing acts and omissions of Asset Acceptance, LLC constitute violations of the FDCPA, including, but not limited to:

    **a.** Violation of 15 U.S.C. §1692e(2)(A): AAL falsely represented the amount owed on Mr. Beverly's Chase/WaMu debt by accruing and assessing prejudgment interest on the debt in the negative credit information concerning Mr. Beverly and the Chase/WaMu debt that AAL furnished to one or more consumer reporting agencies;

    **b.** Violation of 15 U.S.C. §1692e(5): AAL attempted to collect from Mr. Beverly by accruing and assessing prejudgment interest on the Chase/WaMu debt that it had no legal right to collect from Mr. Beverly without a judgment awarding it prejudgment interest thereby threatening to take an action that cannot legally be taken;

    **c.** Violation of 15 U.S.C. §1692e(8): AAL reported false credit information to one or more consumer reporting agencies concerning Mr. Beverly and the Fifth Third credit card debt by accruing and assessing prejudgment interest on the Chase/WaMu debt that AAL had no legal right to collect from Mr. Beverly;

    **d.** Violation of 15 U.S.C. §1692e(10): AAL falsely represented the amount owed on Mr. Beverly's Chase/WaMu debt by accruing and assessing prejudgment interest on the debt in the negative credit information concerning Mr. Beverly and the Chase/WaMu debt that AAL furnished to one or more consumer reporting agencies; and

    **e.** Violation of 15 U.S.C. § 1692f(1): AAL attempted to collect an amount not "authorized by the agreement creating the debt or permitted by law" in violation of 15 U.S.C. § 1692f(1) by, including but not limited to, attempting to collect prejudgment interest from Mr. Beverly that AAL had no legal right to collect from Mr. Beverly.

**II.   Claims against Cavalry Portfolio Services, LLC**

50. The foregoing acts and omissions of Cavalry Portfolio Services, LLC constitute violations of the FDCPA, including, but not limited to:

     **a.** Violation of 15 U.S.C. §1692e(2)(A): CPS falsely represented the amount owed on Mr. Beverly's HSBC debt by accruing and assessing prejudgment interest on the debt in the negative credit information concerning Mr. Beverly and the HSBC debt that CPS furnished to one or more consumer reporting agencies;

     **b.** Violation of 15 U.S.C. §1692e(5): CPS attempted to collect from Mr. Beverly by accruing and assessing prejudgment interest on the HSBC debt that it had no legal right to collect from Mr. Beverly without a judgment awarding it prejudgment interest thereby threatening to take an action that cannot legally be taken;

     **c.** Violation of 15 U.S.C. §1692e(8): CPS reported false credit information to one or more consumer reporting agencies concerning Mr. Beverly and the HSBC credit card debt by accruing and assessing prejudgment interest on the HSBC debt that CPS had no legal right to collect from Mr. Beverly;

     **d.** Violation of 15 U.S.C. §1692e(10): CPS falsely represented the amount owed on Mr. Beverly's HSBC debt by accruing and assessing prejudgment interest on the debt in the negative credit information concerning Mr. Beverly and the HSBC debt that CPS furnished to one or more consumer reporting agencies; and

     **e.** Violation of 15 U.S.C. § 1692f(1): CPS attempted to collect an amount not "authorized by the agreement creating the debt or permitted by law" in violation of 15 U.S.C. § 1692f(1) by, including but not limited to, attempting to collect prejudgment interest from Mr. Beverly that CPS had no legal right to collect from Mr. Beverly.

### III.  Claims against Portfolio Recovery Associates, LLC

51. The foregoing acts and omissions of Portfolio Recovery Associates, LLC constitute violations of the FDCPA, including, but not limited to:

     **a.** Violation of 15 U.S.C. §1692e(2)(A): PRA falsely represented the amount owed on Mr. Beverly's HSBC debt by accruing and assessing prejudgment interest on the debt in the negative credit information concerning Mr. Beverly and the HSBC debt that PRA furnished to one or more consumer reporting agencies;

     **b.** Violation of 15 U.S.C. §1692e(5): PRA attempted to collect from Mr. Beverly by accruing and assessing prejudgment interest on the HSBC debt that it had no legal right to collect from Mr. Beverly without a judgment awarding it prejudgment interest thereby threatening to take an action that cannot legally be taken;

     **c.** Violation of 15 U.S.C. §1692e(8): PRA reported false credit information to one or more consumer reporting agencies concerning Mr. Beverly and the HSBC credit card debt by accruing and assessing prejudgment interest on the HSBC debt that PRA had no legal right to collect from Mr. Beverly;

     **d.** Violation of 15 U.S.C. §1692e(10): PRA falsely represented the amount

owed on Mr. Beverly's HSBC debt by accruing and assessing prejudgment interest on the debt in the negative credit information concerning Mr. Beverly and the HSBC debt that PRA furnished to one or more consumer reporting agencies; and

    **e.**    Violation of 15 U.S.C. § 1692f(1): PRA attempted to collect an amount not "authorized by the agreement creating the debt or permitted by law" in violation of 15 U.S.C. § 1692f(1) by, including but not limited to, attempting to collect prejudgment interest from Mr. Beverly that PRA had no legal right to collect from Mr. Beverly.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff James Beverly requests that the Court grant him the following relief:

1. Award Plaintiff actual damages;

2. Award Plaintiff maximum statutory damages against each Defendant;

3. Award Plaintiff reasonable attorney's fees and costs;

4. A trial by jury; and

5. Such other relief as may be just and proper.

    Respectfully submitted,

    /s/ James H. Lawson
    **James H. Lawson**
    *Lawson at Law, PLLC*
    4055 Shelbyville Road
    Suite B
    Louisville, KY 40207
    Tel:    (502) 473-6525
    Fax:   (502) 473-6561
    james@kyclc.com